IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ISMAEL MORERO, *individually and on behalf of all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-780-RP |
| BLS PAINTING, INC., et al., | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiff Ismael Morero's ("Morero") Motion for Substitute Service of Process. (Dkt. 10). Morero filed his complaint on July 23, 2020. (Dkt. 1). Morero has thus far been unable to serve Defendants BLS Painting, Inc. ("BLS"), Benito Luna, and Erick Luna (together, "Defendants"), despite several attempts. (*See* Mot. Dkt. 10, at 1–2). Accordingly, Morero requests that the Court permit him to serve Defendants through substitute service. (*Id.* at 4–5). Having considered the motion and the relevant law, the Court finds that it should be granted.

A plaintiff is permitted to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas law prefers personal service over substitute service because personal service ensures greater reliability. *Texas v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin, 2009, no pet.). Thus, Texas Rule of Civil Procedure 106(a) provides that service of a citation may be accomplished by (1) delivering it to the defendant in person, or (2) mailing it to the defendant by registered or certified mail, return receipt requested. A court may only authorize substitute service after attempted service by one of these two methods. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993).

1

If personal service or service by mail is unsuccessful, however, a court may authorize another method of service. Tex. R. Civ. P. 106(b). A plaintiff seeking substitute service must file a motion supported by an affidavit stating the location of the defendant's "usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that [personal service or service by certified mail] has been attempted . . . at the location named in such affidavit but has not been successful." Tex. R. Civ. P. 106(b). The affidavit submitted by a plaintiff must strictly comply with the requirements of Rule 106(b). *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If these requirements are met, a court may authorize one of two other methods. First, the Court may authorize service by leaving a copy of the citation with a copy of the petition with anyone over the age of 16 at the location specified in the affidavit. Tex. R. Civ. P. 106(b)(1). Second, the Court may authorize service "in any other manner that the affidavit or other evidence . . . shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2).

Morero has met these requirements. Morero filed a motion for substitute service of process supported by the declaration of his counsel Ricardo Prieto, (Dkt. 10-1), and the affidavit of Thomas Kroll, the process server, (Dkts. 10-2, 10-3, 10-4). Kroll attempted to serve the corporate defendant BLS at the address provided by BLS to the Secretary of State as the address of its registered agent Benito Luna. (*See* Prieto Decl., Dkt. 10-1; Kroll Aff., Dkt. 10-2). Kroll also tried to serve the registered agent at his residence. (Kroll Aff., Dkt. 10-2). Kroll then tried to serve the registered agent eight additional times. (*Id.*). Similarly, Kroll attempted to serve Benito Luna and Erick Luna nine separate times but was unable to effectuate service. (Kroll Affs., Dkts. 10-3, 10-4). Morero requests that service be accomplished by affixing a true copy of the complaint, the exhibits to the complaint, the civil cover sheet, the summons, and a copy of this order to the front entrance of the residential address of the registered agent, Benito Luna. (Mot., Dkt. 10, at 4–5).

Accordingly, upon the requirements having been met for substitute service, **IT IS ORDERED** that Morero may serve Defendants by affixing a true copy of the complaint, the exhibits to the complaint, the civil cover sheet, the summons, and a copy of this order to the front entrance of the residential address of the registered agent, Benito Luna. In addition, Morero shall then mail a copy of the complaint, the civil cover sheet, the summons, and a copy of this order to Defendants at the same address by first class mail.

**SIGNED** on October 23, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE